UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ELIZABETH K. NICLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-98-TWP-CCS |
| | ) |
| NATURMED, INC., d/b/a The Institute for | ) |
| Vibrant Living, an Indiana Corporation, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is NaturMed, Inc.'s Motion for Guidance on Preservation of Evidence and Request for Preservation Protocol [Doc. 20]. The parties appeared telephonically before the Court on July 25, 2017, to address the Motion. Attorney James MacDonald appeared on behalf of the Plaintiff. Attorneys Sheila Carmody and Lynn Peterson appeared on behalf of Defendant NaturMed, Inc. ("NaturMed"). Attorney Byron Lindberg appeared on behalf of Defendant Bactolac Pharmaceutical, Inc. ("Bactolac").

By way of background, the Complaint alleges that the Plaintiff experienced a life threatening condition after ingesting All Day Energy Greens Fruity and All day Energy Greens. [Doc. 1]. The instant Motion seeks guidance on preserving discovery and requests that the parties share with preservation costs of the All Day Energy Greens, along with digital files and hard copy documents. Specifically, the Motion states that NaturMed was forced to close its business on June 1, 2017, due to overwhelming financial losses. NaturMed states that the costs of preserving

physical evidence, digital files, and hard copy documents are burdensome, and it requests that the Court identify the contribution each party should make toward the ongoing costs of preservation. The Motion states that the product is stored in a warehouse in Arizona, and the Motion details the costs of preserving the product in the warehouse  *See* [Doc. 20 at 14].

The Plaintiff filed a Response [Doc. 33] stating that she only needed a certain amount of canisters from a single lot number (Lot No. 1406338) and that she is not able to contribute to the costs for preserving such evidence.  Bactolac also filed a Response [Doc. 23] questioning NaturMed's financial status and proposing that NaturMed's insurance company continue to pay for the costs of preservation.  NaturMed filed a Reply [Doc. 24] explaining other courts' decisions on this issue.

During the July 25 hearing, Attorney Carmody offered to secure the canisters from the warehouse bearing the Lot No. 1406338, which is the lot number identified by the Plaintiff.   No party objected to Attorney Carmody's offer.  The Court directed Attorney Carmody to report whether such canisters bearing Lot. No. 1406338 are from the retention cage, or whether the canisters are part of the retained or the returned product.  The Court continued the hearing to July 26, 2017.

On July 26, 2017, the parties again appeared telephonically before the Court.  During the telephone call, Attorney Carmody reported that she secured the product bearing the Lot No. 1406338.  Specifically, she stated that there are 123 total canisters in the warehouse bearing the Lot No. 1406338.[1]   In addition, she reported that out of the 123 canisters, 122 canisters are returned product and that only one canister is part of the retention cage.  The parties agreed that

---

[1] Later, during the telephone conference, Attorney Carmody clarified that the total number of canisters from Lot No. 1406338 is 128 but that the Plaintiff already has five canisters in her possession.

out of the 122 canisters of returned product, 15 canisters should be retained. In addition, the parties agreed that the one canister from the retention cage should be retained. The parties agreed that NaturMed's counsel will be responsible for storing this evidence. Finally, the parties agreed that they could resolve the issues related to the storing of electronic files and hard copy documents without the Court's involvement.

Accordingly, per the agreement of the parties, NaturMed, Inc.'s Motion for Guidance on Preservation of Evidence and Request for Preservation Protocol [**Doc. 20**] is **GRANTED IN PART AND DENIED IN PART**. NaturMed's counsel **SHALL** be responsible for maintaining 15 canisters bearing Lot No. 1406338, which are part of the returned product, and the one canister from the retention cage.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge